# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONNE O'DELL,<br><br>          Plaintiff,<br><br>    v.<br><br>WARDEN KATHLEEN ALLISON, et al.<br><br>          Defendants.<br>_____ / | CASE NO.  1:11-cv-01202-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 8)<br><br>OBJECTIONS DUE WITHIN FOURTEEN-DAYS |

Plaintiff Devonne O'Dell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action in Los Angeles County Superior Court on February 18, 2011. (Notice of Removal, ECF No. 1 at 1.) Defendants were served on or about June 16, 2011, and filed a Notice of Removal on July 19, 2011. (Id. at 2.) Plaintiff filed an Opposition to Defendants' Notice of Removal August 2, 2011. (Opp'n, ECF No. 8.) Defendants filed a Reply on August 23, 2011, and Plaintiff also filed a Reply on September 20, 2011. (ECF Nos. 13 & 14.) Plaintiff's Opposition to Defendants' Notice of Removal is now before the Court.

**I.    REMOVAL TO FEDERAL COURT WAS PROPER**

Plaintiff filed an Opposition to Defendants' Notice of Removal, contending that removal of his state law claims was improper. (Opp'n, ECF No. 8.)

The Complaint in this case facially supports that subject matter jurisdiction exists in federal court because Plaintiff alleges violation of his federal constitutional rights. 28 U.S.C. §§ 1441, 1442. A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court. A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff does not directly allege federal constitutional violations in his Complaint, but Plaintiff's causes of action arise under the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution. (Notice of Removal, Ex. A at 9-13, 15-16.) Although Plaintiff argues that his claims arise under the California Constitution, he does not refer to the correct sections of the California Constitution, and even if he did, he could not bring a viable claim for damages under the sections which should have been cited. Javor v. Taggart, 98 Cal.App.4th 795, 807 (Cal.App. 2 Dist. 2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution"). Even though Plaintiff cannot bring a claim for damages for violation of his rights to equal protection and due process under the California Constitution, he can bring such a claim under the United States Constitution. Thus, subject matter jurisdiction is proper in federal court, since these allegations can be brought pursuant to 42 U.S.C. § 1983, even though Plaintiff does not explicitly cite to this statute in his Complaint. Plaintiff implies throughout his Complaint that his rights under the Fourteenth Amendment have been violated. (Notice of Removal, Ex. A at 9-13, 15-16.) Although Plaintiff refers to state laws in passing, a federal court may exercise supplemental jurisdiction over closely related state law claims. See 28 U.S.C. § 1367(c). Further, Defendants removed the action from state court within 30 days of receiving notice of the filing of this action. 28 U.S.C. § 1446(b). As this case was properly removed to federal court, Plaintiff's Objections to Defendants' Notice of Removal should be denied.

## II. **FINDINGS AND RECOMMENDATIONS**

Accordingly, the undersigned hereby RECOMMENDS that Plaintiff's Objections to Defendants' Notice of Removal (Objections, ECF No. 8.) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen days** from entry of this order, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 25, 2012              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE