# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONNE O'DELL,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01202-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY-DAYS** |

    Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison, initiated this action, pro se, on February 18, 2011, in Kings County Superior Court. (Notice of Removal, ECF No. 1, at 1.) In it he seeks monetary damages, injunctive relief and a declaration that his equal protection and due process rights were violated at Corcoran State Prison ("CSP") by the following Defendants: Warden Allison, Associate Warden Santoro, Correctional Counselor Fisher, Appeals Coordinator Hall, and Appeals Coordinator Allen.[1] Defendants Allison, Santoro, Fisher and Hall removed the matter to this Court on July 19, 2011, pursuant to 28 U.S.C. § 1441(a), based upon the Court's original jurisdiction under 28 U.S.C. § 1331.

---

[1] It appears Defendant Allen has not been served.

Plaintiff's Complaint is before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

### III. SUMMARY OF THE COMPLAINT

Plaintiff claims can be summarized essentially as follows:

Defendants Allison and Santoro created a policy that made Plaintiff ineligible to continue working at Prison Industries Authority ("PIA") because of his sentence and security classification. In June 2010, Plaintiff was "unassigned" from his PIA job pursuant to that policy. Defendant Fisher issued a chrono reflecting termination of Plaintiff's PIA employment.

Plaintiff grieved the termination, but his grievance was denied by Defendants Hall and Allen.

Plaintiff maintains his custody status should not have prevented his being assigned PIA employment. Other inmates with similar sentences were allowed to work at PIA. He also claims he was deprived of a pre-termination notice and hearing, and thus denied the right to present mitigating evidence.

Plaintiff seeks monetary damages, an order directing Defendants to cease unlawful activity and a declaration his rights have been violated.

### IV. DISCUSSION

#### A. CDCR Policy or Practice

An official capacity claim for injunctive relief against a state official requires that a policy or practice of the governmental entity be the moving force behind the violation.

3

*Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff does not allege facts demonstrating his PIA employment was terminated as a result of a decision by the CDCR and its policymaking officials or a persistent and widespread CDCR practice. *Connick v. Thompson*, ——U.S. ——, ——, 131 S.Ct. 1350, 1359 (2011). If he elects to amend, he must identify the policy and its contents, state when it was adopted, by whom, and how it led to termination of his PIA assignment.

**B.     Due Process Interest in Prison Employment**

The Due Process Clause protects prisoners from being deprived of liberty and property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Liberty interests may arise from the Due Process Clause itself or from state law. *Sandin v. Conner, 515 U.S. 472, 484 (1995).* Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

The Supreme Court has held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Ingram v. Papalia*, 804 F.2d 595, 596, (10th Cir. 1986), citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

The Due Process Clause of the Fourteenth Amendment does not create a property or liberty interest in prison employment. See *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004), citing *Ingram*, 804 F.2d at 596.

Therefore, any such interest must be created by state law. Plaintiff fails to

demonstrate that California law creates a protected property or liberty interest to employment, or continued employment, in any particular job. It appears that "[e]very able-bodied person committed to the custody of the Secretary of the Department of Corrections and Rehabilitation is obligated to work as assigned by department staff . . . ." Cal. Code Regs. tit. 15 § 3040(a). Paid prison employment is a privilege. Cal. Code Regs. tit. 15 § 3040(k).

For the reasons stated, Plaintiff has not demonstrated entitlement to protection of his PIA employment under the Due Process Clause.

### C. Procedural Due Process

Plaintiff claims he was denied notice and the opportunity to present mitigating evidence prior to termination of his PIA employment. He claims entitlement to these rights because termination of his PIA assignment constituted a program change under Cal. Code Regs. tit. 15 § 3375(c), and had an adverse effect on him within the meaning of Cal. Code Regs. tit. 15 § 3375(f)(1).

Even if it were assumed, for the sake of discussion that Plaintiff had identified an interest protected by the Due Process Clause, nothing in his pleading suggests he was denied a procedure or process due him. Removal of an inmate from a work program assignment **may** require classification committee action. Code Regs. tit. 15 § 3040(f). However, the Plaintiff has not alleged facts to show that termination of his PIA assignment was such an adverse program change that it necessitated classification committee action, or that it implicated a disciplinary or other proceeding. He also fails to set out the procedure that was followed.

Plaintiff does not include with his pleading the work program change chrono or his administrative appeal of it or describe their contents. The Court cannot determine

5

why his assignment was terminated or what process, if any, was followed in terminating it. He does not identify the mitigating evidence he claims he was prevented from presenting and how its absence harmed him. Finally, Plaintiff fails to identify the basis on which he appealed and the reason given for denying his appeal.

Plaintiff will be allowed leave to amend. If he chooses to amend, Plaintiff should supply the missing information identified above and identify the liberty or property interest denied him.

### D.     Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); see also *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness - specifically whether the actions of prison officials are reasonably related to legitimate penological interests. *Walker*, 370 F.3d at 974, citing *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

Plaintiff contends he was not allowed to work at PIA while other inmates with similar sentences were allowed to work there. However, he does not provide enough detail to enable the Court to analyze this claim. He does not identify the reasons given by Defendants for terminating the PIA work option or provide facts upon which one might discern that others similarly situated were allowed PIA employment without any institutional justification. It is not enough to simply cite to the state law and prison regulations and claim that he was treated differently.

Additionally, Plaintiff does not show Defendants' alleged actions were motivated by an intent to discriminate. See *Washington v. Davis*, 426 U.S. 229, 239–40 (1976) (to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent). There is no suggestion of discriminatory intent. There are no facts showing disparate treatment.

Plaintiff will be given leave to amend. Any amended pleading should allege facts showing denial of equal protection based on his protected class or through disparate treatment.

**E.     Inmate Grievance and Prison Regulations**

Plaintiff claims Defendants improperly processed and decided his PIA termination grievance. However, in *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.

The inmate appeal procedure does not create any due process rights. Nor does it entitle Plaintiff to any particular action by prison staff. *Ramirez*, 334 F.3d at 860 (no

7

liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Plaintiff's mere disagreement with actions of Defendants in reviewing his grievance is not actionable under § 1983. *Id.*

Plaintiff may not assert a due process claim arising solely from processing and denial of his grievance.

Similarly, Plaintiff has no individualized right to enforce Title 15 regulations. See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); *Vasquez v. Tate*, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012). Plaintiff does not cite authority showing an independent right of action for violation of Title 15.

Plaintiff may not base a federal claim solely on denial of his grievance and alleged violation of Title 15 regulations.

**F.     State Claims**

1.     California Constitution

There is no private right of action for damages for violation of California Constitution section 7 (due process), see *Katzberg v. Regents of the University of California*, 29 Cal.4th 300, 329 (2002); *Davis v. Kissinger*, No. CIV S–04–0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb.3, 2009), and section 8 (equal protection), see *Javor v. Taggart*, 98 Cal.App.4th 795, 807 (2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution.").[2]

---

[2] In *Degrassi v. Cook*, 29 Cal.4th 333, 343-44 (2002), the California Supreme Court examined whether an individual could bring an action for money damages on the basis of an alleged violation of a provision of the California Constitution, in the absence of a statutory provision or an established common law tort authorizing such a damage remedy for the constitutional violation. The California Supreme Court held that an action for damages was not available.

8

Accordingly, the above discussion of Plaintiff's federal due process and equal protection claims resolves these constitutional claims also at the state level. *Los Angeles County Bar Assoc. v. Eu,* 979 F.2d 697, 705 (9th Cir. 1992), citing *Payne v. Superior Court,* 17 Cal.3d 908, 914 n.3 (1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution).

      2.    Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003).

Plaintiff claims Defendants harmed him by negligent breach of state law duties. However, as stated above, Plaintiff does not demonstrate any state law duty to assign Plaintiff to PIA employment. Mere conclusory statements attributing liability cannot support a cognizable claim. *Iqbal*, 129 S.Ct. at 1949; see *Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir.1987) (federal pleading rules apply to state law claims in supplemental jurisdiction).

**G.**    **Supplemental State Law Jurisdiction**

Even if Plaintiff had alleged a viable state law claim, the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001); see also *Gini v. Las Vegas Metropolitan Police Dep't,* 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and

9

dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989).

## V.     CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint removed to this Court on July 19, 2011 (ECF No. 1, Ex. A),

2. Plaintiff's Complaint (ECF No. 1, Ex. A) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from

service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed.

IT IS SO ORDERED.

Dated:   September 29, 2014            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE