UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONNE O'DELL,<br><br>            Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON. et al.,<br><br>            Defendants. | 1:11-cv-01202-LJO-MJS (PC)<br><br>**ORDER (1) GRANTING PLAINTIFF'S SECOND MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT (ECF No. 26), (2) VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE (ECF No. 25), (3) DISCHARGING ORDER TO SHOW CAUSE (ECF No. 23), AND (4) REQUIRING PLAINTIFF TO FILE A NOTICE OF CHANGE OF ADDRESS FORM WITHIN THIRTY DAYS**<br><br>**THIRTY-DAY DEADLINE FOR NOTICE OF CHANGE OF ADDRESS**<br><br>**NINETY-DAY DEADLINE FOR AMENDED COMPLAINT**<br><br>**CLERK TO MAIL PLAINTIFF A NOTICE OF CHANGE OF ADDRESS FORM AT HIS ADDRESS OF RECORD**<br><br>**CLERK TO FAX COPY OF THIS ORDER AND NOTICE OF CHANGE OF ADDRESS FORM TO LITIGATION COORDINATOR AT HIGH DESERT STATE PRISON** |

   Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On September 30, 2014, Plaintiff's complaint was dismissed for failure to

1

state a claim, but he was given leave to file a first amended complaint within thirty days. (ECF No. 19.) Plaintiff sought and received a thirty day extension of time in which to file his amended pleading. (ECF Nos. 20 & 22.) The extended deadline passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

On December 30, 2014, the Court ordered Plaintiff to show cause, within fourteen days, why his case should not be dismissed for failure to obey a court order and failure to prosecute. (ECF No. 23.) Plaintiff did not respond to the Court's order to show cause.

On January 21, 2015, the undersigned issued findings and a recommendation to dismiss the action based on Plaintiff's failure to obey a court order and failure to prosecute. (ECF No. 25.)

On January 23, 2015, Plaintiff filed a motion to extend time to file an amended complaint (ECF No. 26) on the grounds that he had moved to a different institution on November 25, 2014, and not received his legal materials.

## I.    NOTICE OF CHANGE OF ADDRESS

Local Rule 183(b) requires a party proceeding pro se to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Plaintiff was advised of this requirement when this was action was initiated. (ECF No. 3.) However, he failed to submit a Notice of Change of Address form to the Court, despite his apparent move to a different institution more than sixty days ago. Although his mail has not been returned to the Court, it continues to be sent to Salinas Valley State Prison, rather than High Desert State Prison where Plaintiff apparently is now housed.

Accordingly, the Court will order Plaintiff to file a Notice of Change of Address form within thirty days of the date of service of this order. The Court will direct the Clerk to mail Plaintiff a Notice of Change of Address form at his address of record, and to fax a

copy of this order and a Notice of Change of Address form to the Litigation Coordinator at High Desert State Prison.

## II. MOTION FOR EXTENSION OF TIME

The Court does not take lightly Plaintiff's repeated failures to respond to the Court's orders. (ECF Nos. 22 & 23.) These failures alone provide cause for dismissal of the action. Local Rule 110; Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Nevertheless, the Court will grant Plaintiff **one final opportunity** to file his amended pleading within ninety days. At the conclusion of the ninety-day period, Plaintiff will have been afforded nearly seven months in which to amend his complaint. Absent changed circumstances or other good cause, no further extensions of time will be granted.

Accordingly, Plaintiff's motion for extension of time (ECF No. 26) will be granted, the order to show cause (ECF No. 23) will be discharged, and findings and recommendation to dismiss the action (ECF No. 25) will be vacated.

## III. CONCLUSION AND ORDER

Based on the foregoing it is HERBEY ORDERED that:

1. Plaintiff's second motion for extension of time (ECF No. 26) is GRANTED;
2. The order to show cause, filed December 30, 2014 (ECF No. 23), is DISCHARGED;
3. The findings and recommendation (ECF No. 25), filed January 21, 2015, is VACATED;

3

4. The Clerk's Office is directed to mail Plaintiff a Notice of Change of Address form at his address of record, and to fax a copy of this order and a Notice of Change of Address form to the Litigation Coordinator at High Desert State Prison;

5. Plaintiff is granted **ninety (90) days** from the date of service of this order in which to file an amended pleading; and

6. Plaintiff shall file a Notice of Change of Address form with the Court within **thirty (30) days** of service of this order.

IT IS SO ORDERED.

Dated:   January 26, 2015          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE