UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONNE O'DELL,<br><br>                    Plaintiff,<br><br>        v.<br><br>KATHLEEN ALLISON, et al.,<br><br>                    Defendants. | CASE NO. 1:11-cv-01202-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 27)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. On September 30, 2014, Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to file a first amended complaint within thirty days. (ECF No. 19.) The Court has awaited Plaintiff's amended complaint since that date.

Plaintiff first sought and received a thirty day extension of time in which to file his amended pleading. (ECF Nos. 20 & 22.) The extended deadline passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so. On December 30, 2014, the Court ordered Plaintiff to show cause, within fourteen days, why the action should not be dismissed for failure to obey a court order and failure to

prosecute. (ECF No. 23.) Plaintiff did not respond to the Court's order to show cause. On January 21, 2015, the Court issued findings and a recommendation that the action be dismissed based on Plaintiff's failure to obey a court order and failure to prosecute. (ECF No. 25.)

On January 23, 2015, Plaintiff filed a motion for a ninety-day extension of time on the ground he had been moved to a different institution and had not received his legal materials. (ECF No. 26.) The Court noted that Plaintiff's numerous failures to respond to Court orders constituted grounds for dismissal, but nonetheless granted Plaintiff one final extension of time to file his amended pleading. (ECF No. 27.) The Court also discharged its order to show cause and vacated the findings and recommendation. Plaintiff was warned that, absent changed circumstances or other good cause, no further extensions of time would be given.

Nonetheless, Plaintiff has, once again, failed to file an amended pleading by the extended deadline.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff is likely unable to pay monetary sanctions, making such sanctions of little use.

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute, and that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen

(14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 11, 2015         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE

4